UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DONG CHUNG, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 04 C 8084 |
| v. | ) | |
| | ) | |
| PRICEWATERHOUSECOOPERS LLP, | ) | Judge Joan B. Gottschall |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

*Pro se* plaintiff Dong Chung ("Chung") filed this lawsuit against PricewaterhouseCoopers LLP ("PwC") alleging that PwC failed to hire her because of her gender, race and national origin, and that she was retaliated against for complaining of discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.* and 42 U.S.C. ¶ 1981. Chung also brings state law claims of intentional infliction of emotional distress and interference with prospective economic advantage. Finally, Chung claims a violation of "Illinois Statute 775 ILCS" with no specific section identified. Despite language in her complaint suggesting otherwise, plaintiff has clarified that she did not intend to bring a claim against PwC under the Illinois Personnel Record Review Act. For the reasons that follow, PwC's motion to dismiss is granted in part and denied in part.[1]

**Background**

Chung is an Asian-American woman who applied for an internal audit position at PwC's office in Minneapolis, Minnesota in April 2003. She alleges that PwC discriminated against her

---

[1] Chung failed to include a copy of the charge she filed with the Minnesota Department of Human Rights as an exhibit to her complaint. As she has now filed a copy with the court, the court deems it part of her original complaint.

when PwC did not hire her for employment, and that PwC retaliated against her for objecting to the alleged discrimination.

**Title VII Claims**

Under Title VII, a plaintiff is required to exhaust her administrative remedies by filing a complaint with the appropriate federal or state agency. *Dandy v. United Parcel Service, Inc.*, 388 F.3d 263, 270 (7th Cir. 2004) (citing *Volovsek v. Wis. Dep't of Agric., Trade & Consumer Prot.*, 344 F.3d 680, 687 (7th Cir. 2003)). PwC argues that all of Chung's Title VII claims must be dismissed because she failed to exhaust her administrative remedies as required by the statute. Specifically, Chung failed to file a timely charge with the EEOC and obtain a right-to-sue letter before bringing this action. In response, Chung asserts that she filed a charge with, and received a right to sue letter from, the Minnesota Department of Human Rights. The Minnesota Department of Human Rights, like the Illinois Department of Human Rights, automatically cross-files claims it receives with the EEOC, but only when the charge alleges a violation of the antidiscrimination laws administered by the EEOC. *Hayes v. Blue Cross Blue Shield of Minnesota, Inc.*, 21 F. Supp. 2d 960, 968 (D. Minn. 1998); Minn. Rules § 5000.0400(2a). Having reviewed Chung's charge, it is clear that she alleged only a violation of Minnesota law. Therefore, Chung was under a duty to file a charge with the EEOC herself. Because she failed to do so, she has not preserved her right to assert a claim for discrimination under Title VII. Therefore, Chung's Title VII claims based on discrimination and retaliation are dismissed.

**"Illinois Statute 775 ILCS"**

Chung's complaint also alleges a violation of "Illinois Statute 775 ILCS." When bringing a claim under the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/2-101, *et seq.*, a plaintiff must

satisfy certain administrative requirements before having her claim heard by a court. *Jimenez v. Thompson Steel Co., Inc.*, 264 F. Supp. 2d 693, 695 (N.D. Ill. 2003). Judicial review is limited to a review of final orders issued by the Illinois Human Rights Commission. *Id.* Because Chung has not exhausted the state administrative remedies by filing a charge with the Illinois Department of Human Rights (and receiving a final order from the IDHR), her claim under the IHRA is dismissed. *Garcia v. Village of Mt. Prospect*, 360 F.3d 630, 640 (7th Cir. 2004).

**Chung's State Law Claims**

PwC argues that Chung's claims of interference with prospective economic advantage and intentional infliction of emotional distress are preempted by the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/2-101, *et seq. See* 775 ILCS 5/8-111(C) ("[N]o court of this state shall have jurisdiction over the subject of an alleged civil rights violation[.]"). The IHRA preempts state law tort claims that are "inextricably linked" to a civil rights violation. *Maksimovic v. Tsogalis,* 177 Ill.2d 511, 517 (Ill. 1997). However, the Supreme Court of Illinois has clarified that the proper inquiry in cases like this is "whether the tort claim is inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the Act itself." *Id.* at 517. Under this approach, the IHRA will not preempt a tort action where the plaintiff alleges elements of a tort that exist separately from a cause of action under the IHRA, without referring to the legal duties created by the IHRA. *Id.*

The court finds in this case that Chung's state law claims are preempted because they are "inextricably linked" to the allegations that would have supported a claim under the IHRA. Chung's claims of interference with prospective economic advantage and intentional infliction of emotional distress appear to rely entirely on the fact that PwC failed to hire Chung because she was an Asian-

3

American woman. Absent Chung's allegations of gender, race and national origin discrimination, she would have no basis to assert a claim for intentional infliction of emotional distress or interference with prospective business advantage.[2] In light of this, the court dismisses Chung's state law claims as preempted by the IHRA.

**Section 1981**

Section 1981 proscribes discrimination based on race and ethnicity in the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(a)-(b). While Chung may not base her Section 1981 claim on her gender or national origin, *Chung v. KPMG, LLP*, 02 C 3841, 2002 WL 31307424, at *2 (N.D. Ill. Oct. 11, 2002), she may proceed with a Section 1981 claim based on her race. Chung will eventually have to prove the same elements as a race discrimination claim under Title VII. *Lalvani v. Cook County, Ill.,* 269 F.3d 785, 788 (7th Cir. 2001). However, at the motion to dismiss stage, all Chung need do is put PwC on notice of the claim against it. *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). Here, Chung has done that by alleging that PwC failed to hire her because of her race and retaliated against her when she complained of discrimination. To the extent Chung attempted to bring a Section 1981 claim based on gender or national origin, her claim is dismissed. However, PwC's motion is denied with respect to Chung's Section 1981 racial discrimination and retaliation claims.

---

[2] Chung's claim for interference with prospective business advantage fails for the additional reason that she is essentially accusing PwC of interfering with a business relationship between Chung and PwC. PwC may not, in a legally cognizable way, interfere with its own business advantage. *Emery v. Northeast Illinois Regional Commuter R.R. Corp.*, No. 02 C 9303, 2003 WL 22176077, at * 9 (N.D. Ill. Sept. 18, 2003) (citing *Quist v. Bd. of Trustees*, 258 Ill. App. 3d 814 (Ill. App. Ct. 1994)).

## CONCLUSION

PWC's motion to dismiss is granted in part and denied in part. Plaintiff's request that she be allowed to file an amended complaint if the court grants PwC's motion is denied without prejudice. If plaintiff seeks to file an amended complaint, she must file a properly-noticed motion before this court attaching a copy of her purposed pleading.

ENTER:


_____/s/_____
JOAN B. GOTTSCHALL
United States District Judge


DATED: August 29, 2005